J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven*
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
*Staff Attorney at Righthaven*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AMERICAN POLITICAL ACTION COMMITTEE; and ALAN M. GOTTLIEB, an individual,<br><br>　　　　Defendants. | Case No.: 2:10-cv-01481<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

　　　　Righthaven LLC ("Righthaven") complains as follows against American Political Action Committee ("AMERIPAC") and Alan M. Gottlieb ("Mr. Gottlieb"; collectively with AMERIPAC known herein as the "Defendants"), on information and belief:

## NATURE OF ACTION

　　1.　　This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

## PARTIES

　　2.　　Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

1

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. AMERIPAC is, and has been at all times relevant to this lawsuit, a duly registered political action committee, located in Bellevue, Washington.

5. AMERIPAC is, and has been at all times relevant to this lawsuit, identified by the current registrar, Network Solutions, LLC ("Network Solutions"), as the registrant for the Internet domain found at <ameripac.org> (the "Domain").

6. Mr. Gottlieb is, and has been at all times relevant to this lawsuit, identified by Network Solutions as the administrative and technical contact for Domain (the content accessible through the Domain and the Domain itself known herein as the "Website").

**7.** Mr. Gottlieb is, and has been at all times relevant to this lawsuit, identified as the founder and president of AMERIPAC by the "About Us" portion of the Website, attached hereto as Exhibit 1.

## JURISDICTION

8. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

9. Righthaven is the owner of the copyright in the literary work entitled: "Obama's visit just bounced off Reid" (the "Work"), attached hereto as Exhibit 2.

10. At all times relevant to this lawsuit, the Work has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

11. The Defendants willfully copied, on an unauthorized basis, the Work from a source emanating from Nevada.

12. On or about March 2, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 3, on the Website.

13.     The subject matter, at least in part, of the Work and the Infringement, is the effect of President Obama's visit to Las Vegas, Nevada upon Harry Reid's campaign for re-election to the United States Senate.

14.     At all times relevant to this lawsuit, the Defendants knew that the Work was originally published in the Las Vegas *Review-Journal*.

15.     At all times relevant to this lawsuit, the Defendants knew that the Infringement was and is of specific interest to Nevada residents.

16.     The Defendants' display of the Infringement was and is purposefully directed at Nevada residents.

**VENUE**

17.     The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

18.     The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1400(a), because the Defendants are subject to personal jurisdiction in Nevada.

**FACTS**

19.     The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

20.     Righthaven is the owner of the copyright in and to the Work.

21.     The Work was originally published on February 28, 2010.

22.     On May 12, 2010, the United State Copyright Office (the "USCO") received Righthaven's official submittal for the registration of the Work including the application, the deposit copy, and the registration fee (the "Complete Application"), Service Request No. 1-398847046, attached hereto as Exhibit 4.

23. On or about March 2, 2010, the Defendants displayed, and continue to display, the Infringement on the Website.

24. The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

25. The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

26. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 25 above.

27. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

28. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

29. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

30. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

31. The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

32. The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

33. The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

34. The Defendants publicly displayed, and continue to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

35. AMERIPAC has willfully engaged in the copyright infringement of the Work.

36. Mr. Gottlieb has willfully engaged in the copyright infringement of the Work.

37. The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

38. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

    a. All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

    b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

    c. All financial evidence and documentation relating to the Defendants' use of the Work;

3. Direct Network Solutions and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7. Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated this thirty-first day of August 2010.

        RIGHTHAVEN LLC

        By: /s/ J. Charles Coons
        J. CHARLES COONS, ESQ.
        Nevada Bar No. 10553
        JOSEPH C. CHU, ESQ.
        Nevada Bar No. 11082
        9960 West Cheyenne Avenue, Suite 210
        Las Vegas, Nevada 89129-7701
        Attorneys for Plaintiff